FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| BRENT ANDREW BRACKETT ARBOGAST,<br>Plaintiff,<br>vs.<br>WYETH<br>Defendants | Case No.: 1:06-CV-10333 PBS<br><br>MOTION FOR RELIEF OF "JUDGMENT" PURSUANT TO RULE 60(D), FOR SANCTIONS PURSUANT TO RULE 26(G), RECUSAL PURSUANT TO 28 U.S.C. § 455(A), AND PARTIAL JUDGMENT PURSUANT TO RULE 12(C); ORAL ARGUMENT REQUESTED |

MOTION FOR RELIEF OF "JUDGEMENT", SANCTIONS, RECUSAL, AND JUDGMENT ON THE PLEADINGS

Plaintiff Brent Arbogast *pro se*, hereby moves pursuant to Rule 60(d) of the Federal Rules of Civil Procedure (Fed.R.Civ.P.) to relieve him of the effects of the proceedings in this case because they represent a fraud on the court perpetrated by attorneys Michael A. Fitzhugh, Michael J. Lambert, Thomas M. Closson, and the law firm Sheehan, Phinney, Bass & Green, P.A. (Sheehan). Mr. Arbogast has filed two previous motions pursuant to Fed.R.Civ.P. 60 and incorporates them into this Motion. [D. 18, 22]. He has also filed a Motion for Reconsideration and incorporates that Motion as well. [D.25]

Mr. Arbogast also moves for Judge Saris to recuse herself pursuant to 28 U.S.C. § 455(a), because her assessment that Mr. Arbogast's claims lack merit are baseless. Wyeth's defenses lack merit, and Judge Saris' demand that Mr. Arbogast settle his claims quickly because they lacked merit is a biased prejudgment of the case that disqualifies her from making any further decisions

related to this action. In addition, the stipulation of dismissal filed in this case by Wyeth was a clear violation of Rule 41(a)(ii), does not include a certificate of service in violation of L.R. 5.2, and is not signed by Mr. Arbogast or an agent of his. Judge Saris' recognition of the stipulation of dismissal as a legitimate filing that constitutes a judgment of the merits demonstrates she cannot apply the law impartially in this proceeding. No reasonable person could expect Judge Saris to apply the law in an impartial manner under the circumstances. Furthermore, the public's interest in not having their young professionals being enslaved en masse deserves strict scrutiny from the judicial officer presiding over this case which Judge Saris obviously has no intention of doing.

Mr. Arbogast also moves the court to impose sanctions on attorney Fitzhugh and Wyeth pursuant to Fed.R.Civ.P. 26(g)(3). Fitzhugh and Wyeth made false and deceptive certifications in regards to initial disclosures mailed to attorney Closson pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule (L.R.) 26.2 on November 10, 2006. In mailing the disclosures to Closson instead of attorney Lambert, Fitzhugh and Wyeth knowingly aided and abetted Closson's unauthorized practice of law (UPL), and breach of fiduciary duties because they knew he was not licensed to practice law in Massachusetts and did not seek or receive pro hac vice admission in the proceeding.

Mr. Arbogast also moves this court to grant him judgment pursuant to Fed.R.Civ.P. 12(c) for his claims for back wages as a result of Wyeth's failure to pay him overtime compensation in violation of 29 USC § 207(a)(1). Wyeth was obligated to plead facts relating to Mr. Arbogast's duties demonstrating they properly classified as exempt from the overtime requirements of the FLSA. Wyeth has failed to plead any such facts demonstrating that Mr. Arbogast was properly classified as exempt. Mr. Arbogast is entitled to judgment on the pleadings that he was

misclassified as exempt. As additional support, Mr. Arbogast relies on the accompanying memorandum of law, and attached exhibits.

## Conclusion

Mr. Arbogast respectfully moves this court pursuant to Fed.R.Civ.P. 60(d) to relieve him from any affects associated with this proceeding such as a perceived "judgment" because no judgment exists, and even if it did, it was the product of a fraud on the court. He also moves this court to sanction Wyeth and attorney Michael A. Fitzhugh for violations of Fed.R.Civ.P. 26(g). He prays the court disqualify Judge Saris pursuant to 28 USC 455(A), because her prejudgment of the facts and law are obviously biased, and no reasonable person would expect her to apply the law in an impartial manner to any issues related to this action. Mr. Arbogast respectfully requests this court to render judgment in his favor for his claim for overtime compensation pursuant to 29 USC § 216(b). He supports these Motions with the accompanying memorandum of law, and attached exhibits.

## ORAL ARGUMENT REQUESTED

Mr. Arbogast's requests oral argument for the purpose of ruling on these motions.

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on this 23rd day of May 2023, this document and the attached exhibits will be mailed via the USPS to Wyeth's attorney of record and other interested parties.

Respectfully submitted,

Brent A. Arbogast pro se

Signature ______________________

Date 5/23/23 ______________________

Brent Arbogast
9 Maple St. Apt. C
Exeter, NH 03833
(603) 706-0559
brentarbogast@yahoo.com