EXHIBIT 1

# WHISARD Compliance Action Report

## U.S. Department of Labor
Wage and Hour Division

Case ID: *1367427*
Local Filing Number: *2004-133-01765*
WHMIS Case Number:
Registration Date: *07/02/2004*
Assignment Date: *08/12/2004*

Originating District: *Boston MA District Office*
Investigating. District: *Boston MA District Office*
Lead Investigator: 7-C; Personal privacy

## Employer Information

Trade Name: *Wyeth Biopharma*
Address: *1 Burtt Road*
*Andover, MA01810*

Legal Name: *Wyeth Biopharma*
EIN: *23-1491453*
County: *Essex*
NAICS Code: *32541*
No. Of Employees: 4-A: Trade sec

## Investigation Information

Period Investigated From: *01/01/2003*
To: *06/30/2005*
Investigation Type: 7-E: Enforcement technique
Investigation Tool: *on*
Compliance Status: *Refuse to Comply*

BNPI:
Reinvestigation: ☐
Recurring Violation: ☐
Future Compliance Agreed: ☐
Involved in AG: ☐

## Recommended Action:

BWFS: ☐
CMP: ☐
Litigation: ☐
Civil Action: ☐
Criminal Action: ☐
Submit For Opinion: ☐

RO/NO Review: ☐
Follow Up Investigation: ☐
Other Action: ☐
Denial of Future Certificate: ☐
BW Payment Deadline: *12/05/2005*
Trailer forms attached: ☐

**FLSA**

| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| *Failure to pay proper overtime / Agree to Comply* | *28* | *28* | *$44,356.00* | *$40,187.00* | *$0.00* | *$0.00* | |

EXHIBIT 1

# WHISARD Compliance Action Report

**FLSA**

| Violation / Compliance Status | Violations | EEs ATP | BWs Computed | BWs Agreed | LDs Computed | LDs Agreed | CMPs* |
|---|---|---|---|---|---|---|---|
| *Failure to pay proper overtime / Refuse to Comply* | 129 | 129 | $119,375.73 | $0.00 | $0.00 | $0.00 | |
| *FLSA Totals:* | 157 | 157 | $163,731.73 | $40,187.00 | $0.00 | $0.00 | |

** CMPs computed do not necessarily indicate CMPs assessed.*

| | | | |
|---|---|---|---|
| Unduplicated Employees Found: | 157 | Unduplicated Employees Agreed: | 22 |
| Total Amount BWs Computed: | $163,731.73 | Total Amount BWs Agreed: | $40,187.00 |
| Total Amount LDs Computed: | $0.00 | Total Amount LDs Agreed: | $0.00 |

## Conclusions & Recommendations:

*156 hours: Sec.7. Firm had many positions erroneously classified as exempt. Firm and Wage and Hour agreed on some positions and disagreed on some. Recommend ees that the firm has not agreed to pay be notified of their 16(b) rights.*

WHI Signature:____________________ Date: 09/01/2005

Reviewed By:____________________ Date:__________

EXHIBIT 1

**Case ID: 1367427**
File No: 04-133-01765
Wyeth Pharmaceuticals
1 Burtt Road
Andover, MA 01810

**I. Reason for Investigation**
This investigation was initiated on the basis of a complaint made by aformer ee alleging that he had erroneously been classified as exempt. In addition, this ee is alleging a wrongful termination under Sec. 15(a)(3). Sec.7 and 11 violations were disclosed throughout the company.

**II. Investigative History**
This is the first investigation of the subject firm. Investigation period is from 01/01/03-12/31/04.

**III Identity/Coverage**
Subject firm operates as a pharmaceutical company and is publicly traded company. The federal ID # for the subject firm is 23-1491453. The gross sales for the subject firm is in the multi millions in both 2004 and 2003. The company regularly receives and ships goods involved in interstate commerce. Coverage is asserted under 3(s)(1)(A) of the Act.

**Exemptions**
For a breakdown of all salaried exempt positions, see E exhibits.

The firm has hundreds of salaried exempt positions. The writer did an initial review of the job positions and determined that Labor Grades 7 and up would not be analyzed under Regulation 541 since the salary range for a Grade 7 is $44,400-67,100. The writer did not determine that these positions are exempt but felt that there was a cutoff needed. The writer has notified the firm of this methodology.

**V. Exemptions denied**
**541.3**-The firm had several positions that had been erroneously classified as exempt under 541.3. The writer determined the following positions did not meet the criteria under 541.3. The firm requires a bachelor's degree in some type of science for these positions, but the writer determined that the degree is not essential to be able to do the job. Many of the ee interviews indicate that they could still perform their job without a bachelor's degree. Most of these positions are the employees first position when they are hired by the company and they are promoted after a six to 12 month period in these jobs. They are all considered Grade level 5 and six positions.

QCAssociate
QC Associate I
QC Associate II
Facilities Associate II
Sr. Tech CTS
Tech CTS
Tech Associate II
Tech Associate I
General Ledger Accountant
IT Analyst
Human Resource Associate I

**VI. Status of Compliance**
Sec. 6-The firm paid the MW to all of its nonexempt ees.

EXHIBIT 1

Sec.7- The firm had erroneously paid many of its salaried ees as exempt. Back wages were computed based on the taking the ees' salary and applying the coefficient formula using a Microsoft excel spreadsheet. The writer found 157 ees due $163,7313. The firm has agreed to pay 22 ees back wages in the amount of $40,187.00. The remainder of the ees will be notified of their 16(b) private rights.

Sec.11-The firm failed to maintain daily and weekly accurate record of hours worked for all of its ees who were erroneously classified as exempt. Ee interviews disclosed all levels of QC Associates as well as Dev. Associate I, and Stab Associates averaged 42 hours a week. The employees in the IT Analyst, Associate Analyst, Associate Ana Telcom positions averaged 45 hours a week. The Tech Associate I and II positions averaged 41.5 hours per week. The Technology CTS, Sr. Technology CTS and the Assoc. Sci. Chemist positions averaged 46 hours per week. The General Ledger Accountant averages 46 hours a week. The Facilities Associate II averages 42 hours once a month. The Human Resource Associate I position averages 42 hours a week. The writer arrived at the average number of hours by taking the average from the ee interviews and coming up with a total number of hours worked per week for each ee interview and then dividing by the number of ee interviews. See B exhibits.

Sec.12-The firm did not have any ees under 18 employed during the investigation period.

**Disposition**

[redacted] The firm has asked for some time to review the provisions and has agreed to sign a "Waiver of the Statute Limitations."

**Addendum**

On Thursday, June 09, 2005, the firm came into the BDO to meet with both the writer and DD Surett. Present at the meeting were Ken O'Brien, Labor Counsel, Tonia Socha, Human Resources Manager, Eileen Blazek, Compensation Staff, District Director Corey Surett, and the writer. The firm had forwarded a written overview as to the positions and question. The firm has agreed that several of the positions the writer found to be erroneously classified as exempt should be nonexempt in the future. These positions include, Analyst IT Services, DSS Associate Scientist-G-SL, Facilities Associate, General Ledger Accountant, HR Associate, Tech Associate II (Validation), Tech Associate I (MFG Tech) and Tech Associate II (Mfg. Tech). The writer and DD Surett also explained, after reviewing the information provided, that Wage and Hour believes the following positions can continue to be exempt. The Associate Scientist Micro, GMP Coordinator, QC Associate (Scheduling and Planning), Tech Associate II (Documentation), Training Associate, and Training Specialist. The firm and Wage and Hour cannot agree on the some and Wage and Hour will not forward the case to the Regional Solicitor's Office but notify the employees of their private rights. The positions include the QC Associate, QC Associate I, QC Associate II, DSS Associate Scientist GMP (formerly CTS Tech), DSS Associate Scientist Non-GMP (formerly CTS Tech), and DSS Associate Scientist I Chemistry (formerly Sr. CTS Tech). The firm has agreed to update the positions that they agree on up until July 2005 since there is such a gap in the back wage calculation. The writer has amended the WH-56 and the remaining employees in question should be notified of their private rights under Sec. 16 (b).

Recommendations-In view of the fact the firm and Wage and Hour cannot agree on 135 of the 157 ees, and the case law in the first circuit is week, it is recommended that these ees be notified of their 16(b) rights. The firm will be forwarding the payroll for the 22 ees that it has agreed to pay.

EXHIBIT
1

7-C; Personal privacy
Investigator
31-Aug-2005

**EXHIBIT 2**

**From:** Brent Arbogast
**To:** Como, Karin
**Date:** 4/16/2004 6:45:10 AM
**Subject:** Meeting with Kevin Hanley

Karin,

I've thought about your proposal to wait a couple of weeks to address my concerns with Dominique. Because of the importance of the issues I feel the meeting with Kevin Hanley should take place as soon as possible. An important point I will be mentioning at the meeting is the blatantly obvious misrepresentation of this position as meeting federal guidelines for a Professional exemption. Please keep in touch regarding the progress you've made in setting up this meeting.

Thanks,
Brent Arbogast

EXHIBIT
2

**From:** Brent Arbogast
**To:** Lewandowski, Kerri
**Date:** 4/26/2004 6:38:01 AM
**Subject:** Fwd: DOL WHD FairPay Fact Sheets by Occupation - Technologists and Technicians

Hi Kerri,

Here's a webpage sponsored by the DOL. I understand from my past correspondences you're under the impression my position requires me to make discretionary judgements. I cannot emphasize enough this is far from the facts of the situation. When I started working here at Wyeth I was immediately given the responsibilities of making agar on the Agarclav/Tecnomat, and delivering the goods made in the lab. Because of inefficiencies inherent in both tasks as they were, and because I felt if I spent some extra time in correcting these inefficiencies I could get out of work in less than 10 hours, I began to push for the appropriate changes in the lab. The steps I took were not part of my job and in fact my pushing for change was a vital source of friction between myself, Gerard, and Karin.

Thanks,

Brent Arbogast

**EXHIBIT 2**

**From:** "brent.arbogast" <brent.arbogast@comcast.net>
**To:** <barbogast@wyeth.com>
**Date:** 4/23/2004 5:12:32 PM
**Subject:** DOL WHD FairPay Fact Sheets by Occupation - Technologists and Technicians

DOL WHD: FairPay Fact Sheets by Occupation - Technologists and Technicians
U.S. Department of Labor
Employment Standards Administration Wage and Hour Division

www.dol.gov/esa Search / A-Z Index

Find It!: By Topic | By Audience | By Top 20 Requested Items | By Form | By Organization | By Location
April 23, 2004 DOL Home > ESA > WHD > FairPay > Fact Sheets By Occupation
FairPay Fact Sheets by Occupation

Printer Friendly Page

Fact Sheet #17O: Technologists and Technicians and the Part 541 Exemptions Under the Fair Labor Standards Act (FLSA)

The FLSA requires that most employees in the United States be paid at least the Federal minimum wage for all hour worked and overtime pay at time and one-half the regular rate of pay for all hours worked over 40 in a workweek. However, Section 13(a)(1) of the FLSA provides an exemption from both minimum wage and overtime pay for employees employed as bona fide executive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17) also exempts certain computer employees. To qualify for exemption, employees must meet certain tests regarding their job duties and be paid on a salary basis at not less than $455 per week.

Technologists and Technicians

Technologists and technicians, such as engineering technicians, ultrasound technologists, licensed veterinary technicians, avionics technicians and other similar employees are not exempt under Section 13(a)(1) from the minimum wage and overtime requirements of the FLSA because they generally do not meet the requirements for the learned professional exemption. To qualify for the learned professional employee exemption, all of the following tests must be met:

a.. The employee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than $455 per week;
b.. The employee's primary duty must be the performance of work requiring advanced knowledge, defined as work which is predominantly intellectual in character and which includes work requiring the consistent exercise of discretion and judgment;
c.. The advanced knowledge must be in a field of science or learning; and
d.. The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

Technologists and technicians do not meet these requirements for the learned professional exemption because they do not work in occupations that have attained recognized professional status, which requires that an advanced specialized academic degree is a standard prerequisite for entrance into the profession.

Where to Obtain Additional Information

The Department of Labor provides this information to enhance public access to information on its programs. This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations. For more information regarding the Fair Labor Standards Act, visit the Wage and Hour Division's web site at www.wagehour.dol.gov or call our toll-free help line, available 8 a.m. to 5 p.m. in your time zone, at 1-866-4US-WAGE (1-866-487-9243).

EXHIBIT
2

Wage and Hour Division Home
FairPay Home
FairPay Resources
a.. Preamble
b.. Regulations
c.. Economic Report
d.. Online Training
e.. Seminar Download
f.. Calendar
FairPay Fact Sheets
a.. By Exemption
b.. By Occupation
Enforcement
a.. File A Complaint
b.. Statistics
Contact Us
a.. E-mail Us Your Questions
b.. Sign Up for E-mail Updates

Back to Top www.dol.gov/esa www.dol.gov

---

Frequently Asked Questions | Freedom of Information Act | Customer Survey
Privacy & Security Statement | Disclaimers | E-mail to a Friend

---

U.S. Department of Labor
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210
1-866-4-USWAGE
TTY: 1-877-889-5627
Contact Us

EXHIBIT 2

Wyeth®
BioPharma

One Burtt Road
Andover, MA 01810

## Human Resources Memorandum

To: File

Issue Date: May 11, 2004

From: Kerri Lewandowski

Subject: DSS Technologist Job Re-evaluation Determination

A final meeting was held today, May 11th, 2004, with HR, the DSS Management Team, and Corporate Compensation for final review of the exemption status of the DSS Technologist.

Attendees: Myself and Leigh Cowdrick, Human Resources
Karin Como, Galina Szakacs, and Dominique Sexton, DSS Management
Eileen Blazek, Corporate Compensation

After reviewing job descriptions for both the DSS Technologist and Technician positions, as well as thoroughly discussing all aspects of these jobs and the differences between them, the final determination from Eileen Blazek, per the criteria of the FLSA, is that the DSS Technologist job is Exempt and the DSS Technician job is Non-Exempt.

A meeting will be set up for early next week with myself, Karin Como, Dominique Sexton, and Brent Arbogast to communicate to Brent the final determination of this investigation.

EXHIBIT
2

Wyeth®
BioPharma

One Burtt Road
Andover, MA 01810

## Human Resources Memorandum

To: File

Issue Date: May 17, 2004

From: Kerri Lewandowski

Subject: DSS Technologist Job Re-evaluation Follow Up Meeting

A meeting was held today, May 17th, 2004, with myself, Karin Como, and Brent Arbogast to communicate to Brent that the job exemption investigation has been completed and the DSS Technologist job is Exempt.

Brent was provided with a copy of the DSS Technologist job description and was asked to review it for any additional concerns or questions. Additionally, I offered Brent documentation on the final determination of the investigation and he refused it.

**EXHIBIT 2**

Wyeth®
BioPharma

One Burtt Road
Andover, MA 01810

**Attorney/Client Privileged**

**Memorandum**

To: Brent Arbogast, Development Support Services

Issue Date: June 24, 2004

From: Kerri Lewandowski, Human Resources

Cc: Galina Szakacs, Supervisor, Development Solution Chemistry
Dominique Sexton, Sr Manager, DSS/ADF
Kevin Hanley, Director of Pilot/Clinical Manufacturing
Tonia Socha, Director, Human Resources

Subject: Response to your concerns

---

This memo is in response to your concerns from your emails dated June 16th and 17th, 2004.

*You explained that you do not remember Corporate Compensation completing the investigation of the job exemption status or receiving any documentation, and that I have been the only one that has made contact with you on this investigation.*

On Monday, May 17th, 2004, a follow up meeting was held with you, myself, and Karin Como. The specific purpose of the meeting was to communicate to you that the job exemption investigation had been completed. During this meeting, the determination of the exemption status for the DSS Technologist job was communicated to you. It was stated that Corporate Compensation's determination was that the job is Exempt based on the criteria under the Fair Labor Standards Act. Also, you were offered to receive a documented memo on the determination of the investigation, and you refused it.

[redacted]

[redacted]

*You stated that you have concerns with both* [redacted] *and* [redacted] *exemption status, education, and responsibilities, in comparison to your exemption status, education, and responsibilities within the department.*

EXHIBIT
2

As part of the investigation and the concerns you raised, your management team met to discuss and make sure all employees within the DSS department were properly classified based on the differences of the non-exempt technician job and the exempt technologist job, as well as their education, experience, skills, and responsibilities. Please note that it is inappropriate for me to discuss other employee's specific qualifications or salary status, as it would be a breach of confidentiality.

*You stated that the job you agreed to required a Bachelors degree in a scientific discipline with an exempt status.*

This is true. The exempt technologist job requires a Bachelors degree in a scientific discipline with 0-2 years of experience.

*You feel that you were suspended after you voiced your concerns to your new Supervisor, Galina Szakacs, about your job exemption status and not receiving overtime for working a lengthy day. Additionally, you feel that you were suspended less than a month after filing your initial exemption status complaint.*

[redacted] Also, you filed your exemption claim with Human Resources on April 21st, 2004, and the investigation was closed out with you on May 17th, 2004 as stated above. The suspension occurred a month after the exemption investigation was closed out. The company does not tolerate any form of retaliation against employees who file complaints within the company.

*You requested your personnel file and job description materials pertaining to your current career path.*

On Thursday, June 17th, 2004, I sent a copy of your personnel file to your home, overnight priority delivery, signature required. I have since received the confirmation that you received this information. In addition, you previously received three descriptions pertaining to your job: 1) the hiring posting when you were recruited; 2) the short description in your training file; and 3) the long description as part of the exemption investigation.

*You wanted to reiterate that you were never issued a working balance to perform your job duties, but that you did use your co-worker's balances.*

When you informed me of this in your June 16th, 2004, email, I looked into this concern and have been informed that while you did not have a personal balance, there were four other balances available for your use.

Thank you for bringing these matters to the Company's attention. Please remember that the contents of this memo are confidential and will be shared only with those individuals who have a legitimate business need to know. As discussed on Monday, June 21st, 2004, if you have any other employment concerns, please feel free to contact your management team or Human Resources: Galina Szakacs, Dominique Sexton, Kevin Hanley, Tonia Socha, or myself.

08/09/2004 14:10 FAX 4848658781 R&D STRATEGIC STAFFING 005

08/09/2004 11:40 FAX 978 247 2607 WYETH H.R. 004

**EXHIBIT 2**

RECEIVED

JUN 25 2004

OFFICE OF THE ATTORNEY GENERAL
FAIR LABOR AND BUSINESS PRACTICES DIVISION

2004 JUN 25 PM 1:35

FIRST ASSISTANT ATTORNEY GENERAL

THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE, ROOM 1813
BOSTON, MA 02108
617-727-2200

## Non-Payment of Wage Complaint Form

**EMPLOYEE INFORMATION:**

Name: Brent Arbogast Soc. Sec. [redacted]

Address: 91 B Wibird St.

City: Portsmouth State: NH Zip: 03801

Date of Birth: [redacted] Work Phone: [redacted] Home Phone: (603) 436-4628

What type of work did you perform: Lab technician

**EMPLOYER INFORMATION:** (complaint will not be accepted unless this section is completed.)

Company Name: Wyeth Biopharma

Address: 1 Burtt Road

City: Andover State: MA Zip: 01810

Phone: 978 247 1176 Total number of employees in company: ≈ 20,000

President/Owner Name: Kevin Hanley Title: Director Pilot and Clinical Manuf

Local Manager Name: ~~Matina Szakas~~ Kevin Hanley

Town where work was performed: Andover

**WAGE/BENEFIT INFORMATION:**

Date of Hire: 3/15/04 Were you discharged? yes Date of discharge: 6/16/04

Did you leave? ____ Date: ____ Reason for leaving: ____

If you left, did you make a personal demand for this money? yes

If yes, what was the response of the employer: They would investigate

Rate of Pay: $ 1375.00 per (hour/week): 2 weeks Unpaid Wages: $4,000.00

C:\Documents and Settings\Attorney General\Desktop\NonPayEnglish.wpd

08/09/2004 14:10 FAX 4848658781 R&D STRATEGIC STAFFING 006
08/09/2004 11:40 FAX 978 247 2807 WYETH H.R. 005

**EXHIBIT 2**

What dates did you work for the money which you claim you are owed:

From: 3/15/04 to 6/16/04 Total amount owed: $ 4000.00

Have you signed a contract as a consultant or independent contractor? NO

Do you have an attorney representing you in this matter? NO

Have you taken any other action against your employer in this matter? NO

If yes, please explain: ______

Are you willing to fully cooperate with the Attorney General's Office, which may include appearing in court? Yes

EXPLAIN IN DETAIL the facts relating to why you were not paid or why you are filing this complaint. If your complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one week after one year, monthly accrual, etc.)

I worked on a machine 10 hours a day making Agar. I also delivered the hundreds of pounds of material our laboratory made. I questioned my employer about the exempt status of my position and was treated very badly. A co-worker who got paid hourly told me our supervisor got angry with her if she worked overtime because she was paid hourly and I was paid salary. Another coworker performed the same tasks as me and only had a high school education. She also got paid hourly.

I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT OF THE FACTS RELATING TO MY COMPLAINT.

Signature: [signature] Date: 6/20/04

Print Name: Brent Arbogast

Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...). Important: send only copies, save the originals for your records.

C:\Documents and Settings\Attorney General\Desktop\NonPayEnglish.wpd